Quinn & Nolan Beverwyck Brewing Company, Appellant, v. Conrad P. Boss, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Mary Ryan, Appellant, v. The Prudential Insurance Company of America, Respondent.— Judgment unanimously affirmed, with costs.

King W. Spencer, Respondent, v. Binghamton Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Kellogg, J., dissenting.

Charles R. Seymour, Respondent, v. Evening Herald Company, Appellant.— Judgment and order unanimously affirmed, with costs.

Sarah Scully, as Administratrix, etc., of Thomas J. Scully, Deceased, Respondent, v. Margaret P. Scully, now Margaret P. McGrath, Appellant.— Judgment and order unanimously affirmed, with costs.

William A. Trumbley, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order reversed and new rial granted, with costs to appellant to abide event, unless the plaintiff stipulates, within thirty days, to reduce the verdict to $11,000, in which case the judgment as so modified is affirmed, without costs to either party. All concurred.

William C. Van Veghten, Respondent, v. Whitehead Brothers Company and Frank Connors, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concurred.

## FOURTH DEPARTMENT, DECEMBER, 1909.

George A. Rice and Others, as Executors, etc., of Harriet A. Rice, Deceased, Respondents, v. Horace F. Rice and Jennie Baker Rice, His Wife, Appellants.— Judgment affirmed, with costs. All concurred.

Edwin Clough, Respondent, v. Lackawanna Steel Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except McLennan, P. J., who dissented upon the ground that the plank did not constitute a scaffold within the meaning of the Labor Law;* that no negligence was established against the defendant, and that the plaintiff, as matter of law, assumed the risk; and Robson, J., who dissented upon the ground that the plank did not constitute a scaffold within the meaning of the Labor Law; that no negligence was established against the defendant, and that the finding of the jury upon the question of assumption of risk by plaintiff was contrary to and against the weight of the evidence.

---

*See Laws of 1897, chap. 415, § 18.— [REP.